IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 2 0 2007

GREGORY C. LANGHAM
CLERK

Civil Action No. 07-cv-00958-ZLW

JAMES R. DUNCAN,

        Plaintiff,

v.

FITZGERALD,
BECKER,
MCPHERSON, and
ARFSTEIN,

        Defendants.

---

## ORDER DENYING MOTION TO RECONSIDER

---

Plaintiff James R. Duncan filed *pro se* on July 6, 2007, a motion for reconsideration asking the Court to reconsider and vacate the Order and Judgment of Dismissal filed on June 21, 2007.  The Court must construe the motion to reconsider liberally because Mr. Duncan is proceeding *pro se*.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  For the reasons stated below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)."  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  Mr. Duncan filed the motion to reconsider within ten days after the Order and Judgment of Dismissal.  Therefore, the Court will consider the motion to

reconsider pursuant to Rule 59(e). *See Van Skiver*, 952 F.2d at 1243.

The Court dismissed the complaint and the instant action without prejudice for failure to cure a designated deficiency within the time allowed. The Court specifically determined that Mr. Duncan failed to submit a certified account statement. The reasons for the dismissal are discussed in detail in the Order and Judgment of Dismissal filed on June 21, 2007.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Duncan fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Shields v. Shetler*, 120 F.R.D. 123, 126 (D. Colo. 1988).

Mr. Duncan does not allege the existence of any new law or evidence, and the Court remains convinced that Mr. Duncan failed within the time allowed to submit a properly certified copy of his trust fund account statement. Therefore, the motion to reconsider will be denied. Because the complaint and the action were dismissed without prejudice, Mr. Duncan may pursue his claims if he so wishes by initiating a new lawsuit. Accordingly, it is

ORDERED that the motion to reconsider that Plaintiff James R. Duncan filed *pro se* on July 6, 2007, and which the Court has treated as a motion to alter or amend the

judgment pursuant to Fed. R. Civ. P. 59(e), is denied.

DATED at Denver, Colorado, this _19_ day of _____ July _____ , 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 07-cv-00958-BNB

James R. Duncan
Prisoner No.  41762
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on   7/20/07

GREGORY C. LANGHAM, CLERK

By: _____
         Deputy Clerk